Robert N. Klieger, State Bar No. 192962
rklieger@hueston.com
Philip A. Mayer, State Bar No. 321740
pmayer@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340
Facsimile:     (888) 775-0898

Attorneys for Defendant
Electronic Arts Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLEKTRON LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>ELECTRONIC ARTS INC.,<br><br>        Defendant. | Case No. 4:19-cv-3648-YGR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |
| AND RELATED COUNTERCLAIMS | |

1

## <u>ANSWER TO FIRST AMENDED COMPLAINT</u>

2      Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Electronic Arts

3   Inc. ("EA") hereby answers the First Amended Complaint of Plaintiff Illektron LLC ("Plaintiff").

4   EA denies all factual allegations set forth in the First Amended Complaint unless expressly

5   admitted herein.  Any admission is limited to the express language of the response and shall not be

6   deemed an implied admission of additional facts.

7      1.      Paragraph 1 states legal contentions as to which no response is required.

8      2.      Paragraph 2 states legal contentions as to which no response is required.

9      3.      Paragraph 3 states legal contentions as to which no response is required.

10      4.      EA lacks sufficient knowledge or information to form a belief about the truth of the

11   allegations in paragraph 4 and therefore denies those allegations.

12      5.      EA admits the allegations in paragraph 5.

13      6.      EA lacks sufficient knowledge or information to form a belief about the truth of the

14   allegations in paragraph 6 and therefore denies those allegations.

15      7.      EA lacks sufficient knowledge or information to form a belief about the truth of the

16   allegations in paragraph 7 and therefore denies those allegations.

17      8.      EA lacks sufficient knowledge or information to form a belief about the truth of the

18   allegations in paragraph 8 and therefore denies those allegations.

19      9.      EA lacks sufficient knowledge or information to form a belief about the truth of the

20   allegations in paragraph 9 and therefore denies those allegations.

21      10.      EA lacks sufficient knowledge or information to form a belief about the truth of the

22   allegations in paragraph 10 and therefore denies those allegations.

23      11.      EA lacks sufficient knowledge or information to form a belief about the truth of the

24   allegations in paragraph 11 and therefore denies those allegations.

25      12.      EA lacks sufficient knowledge or information to form a belief about the truth of the

26   allegations in paragraph 12 and therefore denies those allegations.

27      13.      EA lacks sufficient knowledge or information to form a belief about the truth of the

28   allegations in paragraph 13 and therefore denies those allegations.

14.     Paragraph 14 states legal contentions as to which no response is required.

15.     EA admits that it began using the term "Battlez" in 2018 to identify a feature of game play in its *Plants vs. Zombies 2* video game, and that Plaintiff did not authorize that use.  EA further admits that it has used the term "Battlez" in certain materials to describe the game, which materials speak for themselves.  EA denies the remaining allegations in paragraph 15.

16.     Plaintiff's purported "BATTLEZ® mark" includes marks of several different designs, and EA therefore denies the allegations in paragraph 16.

17.     EA denies the allegations in paragraph 17.

18.     EA denies the allegations in paragraph 18.

19.     EA denies the allegations in paragraph 19.

20.     EA admits that Plaintiff provided EA written notice of its alleged infringement.  EA denies the remaining allegations in paragraph 20.

21.     EA denies the allegations in paragraph 21.

22.     EA denies the allegations in paragraph 22.

23.     EA denies the allegations in paragraph 23.

## FIRST CLAIM

### Trademark Infringement

24.     EA incorporates by reference its responses to paragraphs 1 through 24.

25.     EA denies the allegations in paragraph 25.

26.     EA denies the allegations in paragraph 26.

27.     EA denies the allegations in paragraph 27.

## SECOND CLAIM

### Unfair Competition

28.     EA incorporates by reference its responses to paragraphs 1 through 27.

29.     EA denies the allegations in paragraph 29.

30.     EA denies the allegations in paragraph 30.

1

## **AFFIRMATIVE DEFENSES**

2       EA pleads the following separate and additional defenses.  By pleading these defenses, EA

3  does not in any way agree or concede that it has the burden of proof or persuasion on any of these

4  issues.  EA reserves the right to assert such additional affirmative defenses as discovery indicates

5  are proper.

6

## **FIRST AFFIRMATIVE DEFENSE**

7

### **(Failure to State a Claim Upon Which Relief May Be Granted)**

8       The First Amended Complaint fails to state a claim upon which relief may be granted.

9

## **SECOND AFFIRMATIVE DEFENSE**

10

### **(First Amendment)**

11       Plaintiff's claims for relief are barred by the First Amendment because the term "Battlez"

12  has artistic relevance to the *Plants vs. Zombies 2* video game, which is an expressive work, and

13  does not explicitly mislead as to the source or content of that work.

14

## **THIRD AFFIRMATIVE DEFENSE**

15

### **(Non-Trademark Use)**

16       Plaintiff's claims for relief are barred because EA's use of the term "Battlez" is not a

17  trademark use.

18

## **FOURTH AFFIRMATIVE DEFENSE**

19

### **(Fair Use)**

20       Plaintiff's claims for relief are barred because EA's use of the term "Battlez" is a classic

21  fair use.

22

## **FIFTH AFFIRMATIVE DEFENSE**

23

### **(Invalidity/Cancellation)**

24       Plaintiff's First Claim for Relief, for alleged infringement of federal registered trademarks,

25  is barred with respect to the following marks, which are invalid and/or subject to cancellation on

26  the grounds specified:

27       a.       Registration Nos. 2,849,581, 3,247,482, and 3,829,732 have been abandoned due to

28               discontinuance of use of the mark with intent not to resume such use; and

1        b.      Registration No. 5,032,983 is merely descriptive and has been abandoned due to

2                discontinuance of use of the mark with intent not to resume such use.

3                **<u>SIXTH AFFIRMATIVE DEFENSE</u>**

4                **(Abandonment of Mark)**

5        Plaintiff's claims for relief are barred, in whole or in part, due to Plaintiff's discontinuance

6 of use of the marks with intent not to resume such use.

7                **<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

8                **(Laches)**

9        Plaintiff's claims for relief are barred, in whole in part, by the doctrine of laches based on

10 Plaintiff's unreasonable delay in filing suit for more than a year after learning of EA's use of the

11 term "Battlez" and the undue prejudice that such delay caused to EA.

12                **<u>PRAYER FOR RELIEF</u>**

13        WHEREFORE, EA prays for relief as follows:

14        1.      That the Court dismiss the First Amended Complaint with prejudice;

15        2.      That the Court order the cancellation in whole or in part of the asserted marks;

16        3.      That the Court declare this to be an exceptional case and award EA its full costs and

17 reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

18        4.      That EA be granted such other and further relief as the Court may deem just and

19 proper.

20 Dated:  September 10, 2019              HUESTON HENNIGAN LLP

21

22                           By:   <u>/s/ Robert N. Klieger</u>

23                               Robert N. Klieger
                                      Attorneys for Defendant

24                                        Electronic Arts Inc.

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

## COUNTERCLAIMS

Defendant and Counterclaimant Electronic Arts Inc. ("EA"), for its counterclaims against Plaintiff and Counterdefendant Illektron LLC ("Illektron"), alleges as follows:

### PARTIES

1.  EA is a Delaware corporation with its principal place of business in Redwood City, California. EA is a global leader in digital interactive entertainment. The company develops and delivers games, content, and online services for Internet-connected consoles, mobile devices, and personal computers.

2.  On information and belief, Illektron is a limited liability company organized under the laws of California, with its principal place of business in Palm Springs, California.

### JURISDICTION

3.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331 and 1338.

4.  Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2).

### FACTUAL BACKGROUND

5.  On or about November 20, 2002, Jerald M. Stuart ("Stuart") filed with the United States Patent and Trademark Office (USPTO) an intent-to-use application under 15 U.S.C. § 1051(b), seeking to register the following stylized mark in International Class 028 for use on "card games and printed instructions sold therewith" (the "Stylized Card Mark"):

**BATTLEZ**

6.  On information and belief, Stuart formed Illektron in January 2004 as an entertainment products company to be involved in creating, manufacturing, and marketing collectable card and dice games.

7.  On information and belief, in early 2004, Illektron introduced under the Stylized Card Mark a limited edition of a collectible card and dice game to test the market for the product.

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

By 2006, Illektron had manufactured only 10,000 units of the card and dice game, selling 4,000 of those units and giving away for free many of the remaining units.

8.      On or about February 26, 2005, Stuart filed a Statement of Use with respect to the Stylized Card Mark, and the USPTO thereafter registered the Stylized Card Mark, Registration No. 2,849,581.

9.      On information and belief, Illektron introduced an FMX Edition of its BATTLEZ collectible card and dice game in 2008.  That product, like the original, was a commercial failure.

10.     On or about July 31, 2006, Illektron filed with the USPTO an application under 15 U.S.C. § 1051(a), seeking to register BATTLEZ as a mark in International Class 028 for use on "card games and printed instructions sold therewith" (the "Card Mark").  On or about May 29, 2007, the USPTO registered the Card Mark, Registration No. 3,247,482.

11.     Also on or about July 31, 2006, Illektron filed with the USPTO an intent-to-use application under 15 U.S.C. § 1051(b), seeking to register the following stylized mark in International Class 041 for use in connection with "[e]ntertainment services, namely, production and distribution of television programs, providing on-line computer games, and providing a web site featuring news, photographs and other multimedia materials in the field of interactive games; providing non-downloadable on-line magazines in the field of interactive games; providing newsletters in the field of interactive games via e-mail; [and] providing theme park services" (the "Entertainment Mark"):



12.     On or about May 25, 2009, Illektron filed a Statement of Use with respect to the Entertainment Mark.  The allegation of use explicitly excluded "production and distribution of television programs, providing on-line computer games, and providing non-downloadable on-line magazines in the field of interactive games" and "providing theme park services."  The USPTO thereafter registered the Entertainment Mark, Registration No. 3,829,732, solely for "[e]ntertainment services, namely, providing a web site featuring news, photographs and other

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1   multimedia materials in the field of interactive games" and "providing newsletters in the field of

2   interactive games via e-mail."

3          13.     On information and belief, from 2004 through at least February 2011, Illektron's

4   www.battlez.com website was nothing more than a static page promoting its collectible card and

5   dice game.

6          14.     On or about July 7, 2015, Illektron filed with the USPTO an intent-to-use

7   application under 15 U.S.C. § 1051(b), seeking to register BATTLEZ as a mark in International

8   Class 009 for "[c]omputer game software" and "[e]lectronic game software" (the "Game Mark"

9   and, collectively with the Stylized Card Mark, Card Mark, and Entertainment Mark, the "Asserted

10   Marks").  Illektron filed a statement of use on or about June 29, 2016, and the USPTO thereafter

11   registered the Game Mark, Registration No. 5,032,983.

12          15.     On information and belief, in or about September 2015, Illektron began offering for

13   download through Apple's App Store and Google Play an electronic version of its collectible card

14   and dice game (the "App").  Illektron described the App as one in which players "battle" against

15   one another in a competitive "battle mode" that requires players to employ "offense and defensive

16   battle strategy" to score the most points in one to five minute "battles."  The Game Mark was

17   therefore descriptive, and Illektron did not develop any secondary meaning in the mark.

18          16.     In or about early 2016, Illektron updated its www.battlez.com website to forward

19   visitors to www.grandprizenetwork.com/battlez, which is a static web page promoting the App.

20          17.     On information and belief, the App has not been updated for more than three years,

21   has had minimal downloads, and has generated little in the way of revenue from in-app purchases.

22          18.     On information and belief, Illkretron ceased making any bona fide use of the

23   Asserted Marks well over three years ago, with an intent not to resume use of those marks.

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

**FIRST CLAIM FOR RELIEF**

**Cancellation of Registration No. 2,849,581**

**(15 U.S.C. § 1119)**

19. EA incorporates by reference the foregoing allegations as if set forth in full herein.

20. To the extent Illektron ever held a valid registration, Illektron abandoned the Stylized Card Mark, Registration No. 2,849,581, due to discontinuance of use of the mark with intent not to resume such use.

21. EA has been and continues to be damaged as a result of the continued registration of the Stylized Card Mark.

**SECOND CLAIM FOR RELIEF**

**Cancellation of Registration No. 3,247,482**

**(15 U.S.C. § 1119)**

22. EA incorporates by reference the foregoing allegations as if set forth in full herein.

23. To the extent Illektron ever held a valid registration, Illektron abandoned the Card Mark, Registration No. 3,247,482, due to discontinuance of use of the mark with intent not to resume such use.

24. EA has been and continues to be damaged as a result of the continued registration of the Card Mark.

**THIRD CLAIM FOR RELIEF**

**Cancellation of Registration No. 3,829,732**

**(15 U.S.C. § 1119)**

25. EA incorporates by reference the foregoing allegations as if set forth in full herein.

26. To the extent Illektron ever held a valid registration, Illektron abandoned the Entertainment Mark, Registration No. 3,829,732, due to discontinuance of use of the mark with intent not to resume such use.

27. EA has been and continues to be damaged as a result of the continued registration of the Entertainment Mark.

1

## **FOURTH CLAIM FOR RELIEF**

2

### **Cancellation of Registration No. 5,032,983**

3

### **(15 U.S.C. § 1119)**

4     28.     EA incorporates by reference the foregoing allegations as if set forth in full herein.

5     29.     The Game Mark, Registration No. 5,032,983, is merely descriptive in that it

6     immediately describes a quality, characteristic, function, or feature of the specified goods.

7     30.     To the extent Illektron ever held a valid registration, Illektron abandoned the Game

8     Mark due to discontinuance of use of the mark with intent not to resume such use.

9     31.     EA has been and continues to be damaged as a result of the continued registration of

10    the Game Mark.

11

### **FIFTH CLAIM FOR RELIEF**

12

### **Declaratory Relief**

13

### **(15 U.S.C. § 1119)**

14    32.     EA incorporates by reference the foregoing allegations as if set forth in full herein.

15    33.     An actual controversy exists as to whether Illektron has any common law rights in

16    and to the Asserted Marks, including because the marks are merely descriptive and due to

17    discontinuance of use of the marks with intent not to resume such use.

18    34.     EA is entitled to a declaratory judgment that Illektron has no common law rights in

19    and to the Asserted Marks.

20

### **PRAYER FOR RELIEF**

21    WHEREFORE, EA prays for relief as follows:

22    1.     That the Court enter judgment for EA on the above claims for relief;

23    2.     That the Court order the cancellation of Registration Nos. 3,247,482, 3,247,482,

24    3,829,732, and 5,032,983;

25    3.     That the Court declare that Illektron has no common law rights in and to the

26    Asserted Marks; and

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1     4.      That EA be granted such other and further relief as the Court may deem just and

2 proper.

3 Dated: September 10, 2019             HUESTON HENNIGAN LLP

4

5                        By:    /s/ Robert N. Klieger

6                               Robert N. Klieger
                              Attorneys for Defendant
                              Electronic Arts Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS